UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNSHINE SPURGEON,

Plaintiff,

v.

OLYMPIC PANEL PRODUCTS LLC, a Washington State limited liability company; THE INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38,

Defendants.

CASE NO. C07-5436BHS

ORDER DENYING WITHOUT PREJUDICE DEFENDANT OLYMPIC PANEL PRODUCTS'S MOTION TO COMPEL RE PLAINTIFF'S INITIAL DISCLOSURES

This matter comes before the Court on Defendant Olympic Panel Products's Motion to Compel Re Plaintiff's Initial Disclosures (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 19, 2007, Plaintiff filed a joint status report evidencing several discovery disputes between Plaintiff and Defendants. Dkt. 7. On the same day, the International Association of Machinists, Woodworkers Local Lodge W-38 ("Local Lodge") made several discovery-related requests by motion. Dkt. 9. The Court ultimately denied the requests but encouraged the parties to obey both the letter and spirit of the

Federal Rules of Civil Procedure and to work together to manage discovery in the most efficient manner practical. Dkt. 13.

Olympic Panel Products ("Olympic") now moves to compel Plaintiff to supplement her initial disclosures to include contact information and identify the subject matter for all individuals likely to have discoverable information. Dkt. 15. Olympic also seeks to recover attorneys' fees incurred in attempting to arrange a conference call with Plaintiff's counsel, engaging in such conference call, reviewing documents, and preparing the instant motion. Dkt. 16 at 3.

**II. DISCUSSION**

Under the Federal Rules of Civil Procedure, parties are required to disclose, without awaiting a discovery request, the following:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment

Fed. R. Civ. P. 26(a)(1)(A)(i). This initial disclosure must be based upon information reasonably available to the disclosing party at the time of the disclosure. Fed. R. Civ. P. 26(a)(1)(E). A party is not excused from its initial disclosure obligation merely because the party has not yet fully investigated its case. *Id.* The disclosing party must also supplement its initial disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1). If a party fails to make its initial disclosures, any party may move to compel such disclosure. Fed. R. Civ. P. 37(a)(3)(A). The motion must be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A good faith effort to confer requires a face-to-face meeting or a telephone conference. Local Rule CR 37(a)(2)(A). The parties conferred by telephone on December 21, 2007, regarding this discovery dispute. Dkt. 16 at 2.

In this case, Plaintiff's initial disclosures did not include the contact information for individuals identified as likely to have discoverable information. *See* Dkt. 16 at 6-8. In addition, Plaintiff did not associate subjects of discoverable information with each person identified. *Id.* Apparently to remedy this omission, Plaintiff provided Olympic with a disk of documents. Dkt. 16 at 2. Olympic maintained that the initial disclosures were nevertheless insufficient. In responding to the instant motion, Plaintiff provided additional information regarding each person identified in the initial disclosures. *See* Dkt. 19 at 4-12.

Plaintiff cannot satisfy her initial disclosure obligation merely by furnishing a disk of 699 documents and asking Defendants to cull through the documents to locate contact information and surmise the subjects on which each person might have discoverable information. To the extent that Plaintiff knows the contact information and relevant subject matter of each person identified in her initial disclosures, she is obligated to provide such information. For this reason, the motion to compel was warranted but should not have become necessary. The reply does not identify the extent to which Plaintiff's disclosures remain inadequate, however, and it appears that Plaintiff's initial disclosures are now in general compliance.

Plaintiff is cautioned that the Court's denial of the motion should not be construed as a ruling that Plaintiff fully complied with Federal Rule of Civil Procedure 26(a)(1) initially and that any additional inadequate compliance with discovery rules may warrant Court intervention and an award of attorneys' fees.

The Court notes that the discovery period commenced only recently and that the discovery deadline is more than six months away. The parties are again instructed to obey both the letter and spirit of the Federal Rules of Civil Procedure and to work together to manage discovery in the most efficient manner practical.

**III. ORDER**

Therefore, it is hereby

**ORDERED** that Defendant Olympic Panel Products's Motion to Compel Re Plaintiff's Initial Disclosures (Dkt. 15) is **DENIED** as provided herein.

DATED this 6th day of February, 2008.

BENJAMIN H. SETTLE
United States District Judge