UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUNSHINE SPURGEON,<br><br>    Plaintiff,<br><br>    v.<br><br>OLYMPIC PANEL PRODUCTS LLC, a Washington State limited liability company; THE INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38,<br><br>    Defendants. | CASE NO. C07-5436BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. 23). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 21, 2007, this case was removed to federal court from Mason County Superior Court. Dkt. 1. In her amended complaint, Plaintiff Sunshine Spurgeon contends that she suffered a workplace injury rendering her permanently disabled. Dkt. 1 at 7. Ms. Suprgeon contends that Defendants contested whether she was injured, refused to accommodate her disability, failed to consider her for positions for which she applied and

ORDER - 1

1  was qualified, and treated her differently from similarly situated male employees. *Id.* at 7-
2  9. Ms. Spurgeon brings claims for discrimination, retaliation, violation of Washington
3  law regarding viewing of employment records, breach of fiduciary duty as to the
4  International Association of Machinists, Woodworkers Local Lodge W-38 ("Local
5  Lodge"), constructive termination, and wrongful termination in violation of public policy.
6  *Id.* at 10-13.

7  Ms. Spurgeon now seeks leave to file an amended complaint adding Rosemary
8  Kudia and Christine Hoyt as plaintiffs. Dkt. 23. The proposed second amended complaint
9  includes additional claims for fraud and misrepresentation, hostile working environment,
10 and  breach of contract and also seeks injunctive relief. *See* Dkt. 23-3.

11 Olympic Panel Products LLC ("Olympic") opposes the motion. Dkt. 24. In the
12 alternative, Olympic requests that the Court require the second amended complaint to
13 plead the additional claims with more specificity. *Id.* at 24. Local Lodge also opposes the
14 motion. Dkt. 26.

15 As a threshold matter, the Court notes that Plaintiff's motion is extremely brief,
16 containing only three sentences:

> Comes now the Plaintiffs, by and through counsel, and in accord with the Court's scheduling Order moves the Court to allow an Amended Complaint to be filed to add additional parties to this litigation.
> Plaintiff specifically moves the Court to authorize the filing of the simultaneously filed proposed Amended Complaint which adds Plaintiffs Rosemary Kudia and Christine Hoyt.
> A true and correct copy of the proposed Second Amended Complaint with relevant attachments is incorporated herein by reference.

Dkt. 23 at 1-2.

## II. DISCUSSION

A motion to amend its pleadings and add additional parties brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure. *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980). Federal Rule of Civil Procedure 15 provides as follows:

ORDER - 2

*(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
(A) before being served with a responsive pleading; or
(B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
*(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). In this case, it does not appear that Plaintiff attempted to seek written consent from Defendants before seeking leave of Court to file an amended complaint. *See* Dkt. 26 at 2 ("Nor was there any attempt to confer before filing this Motion.").

Federal Rule of Civil Procedure 20 provides for the permissive joinder of plaintiffs if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). These rules afford courts discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank*, 623 F.2d at 1375-76. If the explicit requirements of Rule 20 are satisfied, courts consider several factors before determining whether to grant leave to amend:

the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Id.* at 1375.

When deciding whether to grant leave to add new claims, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

ORDER - 3

## A. ADDITIONAL PARTIES

In this case, the two requirements of Rule 20 are satisfied. Ms. Spurgeon and the proposed plaintiffs seek relief arising out of their employment with Olympic. In addition, the discrimination and retaliation, breach of fiduciary duty, wrongful termination in violation of public policy, and hostile work environment claims would be asserted by all plaintiffs.

Consideration of the factors applicable to the joinder of parties leads the Court to conclude that Plaintiff should be permitted to file a second amended complaint adding Christine Hoyt and Rosemary Kudia as plaintiffs.

First, it does not appear that amendment to add Ms. Hoyt and Ms. Kudia as plaintiffs would prejudice Defendants. Discovery is in its early stages, and trial is currently set for December 8, 2008. Dkt. 14. In addition, Plaintiff's counsel put Defendants on notice that additional parties may be joined. *See* Dkt. 10-3 at 3-4. The Court therefore concludes that Defendants would suffer no prejudice or hardships other that those inherent in having to defend against additional plaintiffs.

Second, it appears that there was some delay on the part of Plaintiff in seeking amendment of the complaint. Specifically, Plaintiff indicated in December of 2007 that joinder of additional plaintiffs may be sought but did not move to amend the complaint until February 11, 2008, the last day for joining parties. *See* Dkt. 23; Dkt. 14.

Third, it appears that the motion is motivated by a desire to prosecute similar claims together and not by an improper motive.

Fourth, the closeness of the relationship between the new and the old parties appears to be sufficiently close as the new plaintiffs, like Ms. Spurgeon, are former employees of Olympic and former members of Local Lodge.

Fifth, it does not appear that amendment would affect the Court's jurisdiction. While the proposed second amended complaint does not disclose the citizenship of the

1  additional plaintiffs, removal to this Court was not based on diversity jurisdiction. *See*
2  Dkt. 1 at 2.

3  Finally, it appears that the additional plaintiffs have received notice of this action.

**B.   ADDITIONAL CLAIMS**

Though not mentioned in the Motion to Amend Complaint (Dkt. 23), the proposed amended complaint includes additional causes of action. *See* Dkt. 23-3.

**1.   Fraud**

Olympic contends that Plaintiff's proposed fraud/misrepresentation claim does not comport with the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Dkt. 24 at 7. A complaint alleging fraud must include "the who, what, when, where and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The proposed second amended complaint fails to specify when and where the alleged fraudulent statement were made. *See* Dkt. 23-3 at 8. Plaintiff's failure, thus far, to meet the particularity requirement of Rule 9(b) does not necessarily indicate that amendment would be futile, however. Plaintiff shall amend the proposed second amended complaint's fraud allegation to comply with Federal Rule of Civil Procedure 9(b).

Olympic also contends that a fraud claim would be futile as to Ms. Hoyt because any such claim would be barred by the statute of limitations. Fraud claims are subject to the three-year statute of limitations. RCW 4.16.080(4). Plaintiff contends that Ms. Hoyt's claims are subject to estoppel. Dkt. 28 at 4. Because this argument appears for the first time in the reply, Defendants have been deprived of an opportunity to respond. While the facts underlying Plaintiff's cursory assertion of "contemporaneous reliance upon an agreement reached" are unclear, the Court cannot conclude that amendment to include a fraud claim brought by Ms. Hoyt would be futile.

ORDER - 5

### 2. Breach of Contract Under Washington Law Against Discrimination

Plaintiff's proposed second amended complaint includes a claim for "Breach of Contract Under Washington Law Against Discrimination." Dkt. 23-3. In support of this claim, Plaintiff alleges the following:

> 3.19 Plaintiffs and each of them have a right not to be subjected to discrimination and retaliation as a result of their sex or disability.
> 3.20 Defendant OPP has engaged in discrimination against females suffering disabilities and in particular females suffering disabilities at work.
> 3.21 Defendant OPP's discriminatory actions have resulted in the Plaintiffs and each of them to lose their employment.
> 3.22 The actions of discrimination with Defendant OPP environment [sic] are not limited to actions of discrimination based upon disability. In point of fact the working environment of Defendant OPP is a sexually pervasive and hostile working environment for females as well as the disabled.
> 3.23 As a direct and proximate result of the discriminatory and retaliatory behavior of the Defendants the Plaintiff has been injured in an amount to be proven at time of trial.

Dkt. 23-3 at 9-10. While not addressed by Defendants, the legal basis for this contention is unclear. In keeping with Federal Rule of Civil Procedure 8(a), Plaintiff's second amended complaint should clarify this claim.

### 3. Breach of Oral Contract

The proposed second amended complaint includes a claim for breach of oral contract as to Ms. Spurgeon and Ms. Hoyt. Olympic contends that amendment would be futile as to Ms. Hoyt's breach of oral contract. *See* RCW 4.16.080(3) (claims based upon oral contracts are subject to the three-year statute of limitations). As addressed above, the Court cannot conclude from the facts before it that such a claim would be time-barred.

### 4. Hostile Work Environment

Olympic contends that amendment would be futile because any hostile work environment claim brought by Ms. Hoyt would be barred by the statute of limitations. Discrimination claims under Washington's law against discrimination are subject to Washington's three-year statute of limitations for personal injury actions. *Antonius v. King County*, 153 Wn.2d 256, 261 (2004); RCW 4.16.080(2). The Court cannot yet

ORDER - 6

1 determine the contours of Plaintiff's estoppel argument and therefore cannot rule as a
2 matter of law that amendment would be futile as to Ms. Hoyt's hostile work environment
3 claim.

4     Olympic also opposes an amendment of the complaint to assert a hostile working
5 environment claim because Plaintiff offers no reason why such a cause of action could
6 not have been made in the first amended complaint. Dkt. 24 at 4. In the alternative,
7 Olympic contends that Ms. Spurgeon should be required to set forth greater factual detail
8 regarding the hostile work environment claim.

9     It is not clear why the hostile work environment claim was not included in the first
10 amended complaint or whether failure to include the claim constitutes undue delay.
11 Because this case is in its early stages, the Court concludes that the risk of prejudice to
12 Defendants does not warrant denial of the motion.

13     The Court also declines to order Plaintiff to offer additional factual detail as to the
14 hostile work environment claim. Plaintiff's hostile work environment allegations are as
15 follows: "females are instructed at the time of hire that they must tell males that the[y] are
16 involved in a relationship with someone already in order to be left alone," "females are
17 intentionally and deliberately excluded from performance of specific tasks within the
18 plant," and there are threats of physical harm. Dkt. 23-3 at 5, 15. These allegations are
19 sufficient to meet Plaintiff's obligation to provide "a short and plain statement of the
20 claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2).

21     **5.    Injunctive Relief**

22     In the proposed second amended complaint, Plaintiff seeks "[i]njunctive relief
23 preventing Defendant OPP from future misuse of ER 408 settlement overture letters."
24 Dkt. 23-3 at 19. The basis for this request is unclear, and Plaintiff agrees to remove this
25 section from the second amended complaint. Dkt. 28 at 4.

26 **III. ORDER**

27     Therefore, it is hereby

28

**ORDERED** that Plaintiff's Motion to Amend Complaint (Dkt. 23) is **GRANTED in part** and **DENIED in part** as provided herein and as follows: Plaintiff may file a second amended complaint on or before March 25, 2008, adding Christine Hoyt and Rosemary Kudia as plaintiffs and including fraud, breach of oral contract, and hostile work environment claims.

It is further **ORDERED** that such second amended complaint may only include a claim for breach of contract under the Washington Law Against Discrimination if such claim is supported by a short and plain statement showing that Plaintiffs are entitled to relief for such a claim.

DATED this 11th day of March, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 8