UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUNSHINE SPURGEON; ROSEMARY KUDIA; CHRISTINE HOYT,<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPIC PANEL PRODUCTS LLC, a Washington State limited liability company; THE INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38,<br><br>Defendants. | CASE NO. C07-5436BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT/ CONSOLIDATE CASE AND TO BIFURCATE INDIVIDUAL DEFENDANTS CASES |

This matter comes before the Court on Plaintiff's Motion to Amend Complaint/Consolidate Case and to Bifurcate Individual Defendants Cases (Dkt. 55). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In their amended complaint, Plaintiffs Sunshine Spurgeon, Christine Hoyt, and Rosemary Kudia contend that they suffered workplace injuries and experienced discrimination, retaliation, or failure to accommodate. Dkt. 51 at 3. Plaintiffs contend that the International Association of Machinists, Woodworkers Local Lodge W-38 ("Local Lodge") failed to pursue matters of which Plaintiffs complained and made false promises

ORDER - 1

or threats upon which Plaintiffs relied. *Id.* Plaintiffs bring claims for discrimination, retaliation, fraud/misrepresentation, breach of contract in violation of Washington Law Against Discrimination, violation of Washington law regarding viewing of employment records, breach of fiduciary duty as to Local Lodge, wrongful termination in violation of public policy, breach of contract, and hostile working environment. *Id*. at 5-14.

Plaintiffs previously moved for entry of a consolidated discovery schedule to govern this case and *Grinenko v. Olympic Panel Products*, No. 07-5402BHS. Dkt. 34. The Court denied that motion, holding that the cases are insufficiently similar to warrant a consolidated discovery schedule.

## II. DISCUSSION

Plaintiffs now move to consolidate this matter with the Grinenko matter, seek leave to file a second amended complaint, ask the Court to bifurcate and remand individual defendants' claims, and to certify a class. Dkt. 55. It appears that the instant motion was intended for the Grinenko matter and was erroneously filed in this case. In this regard, the Court notes that the motion lists the Grinenko cause number and that this case does not involve individual defendants whose claims could be bifurcated and remanded. To the extent that the motion has some bearing on the claims and posture of this case, the Court will address the motion.

**A.   CONSOLIDATION**

Consolidation of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

ORDER - 2

Fed. R. Civ. P. 42(a). This rule affords courts "broad discretion" to consolidate cases pending in the same district, either upon motion by a party or sua sponte. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

The legal term "consolidation" is employed in three different contexts: "(1) when several actions are stayed while one is tried, and the judgment in the case tried will be conclusive as to the others; (2) when several actions are combined and lose their separate identities, becoming a single action with a single judgment entered; and (3) when several actions are tried together, but each suit retains its separate character, with separate judgments entered." *Schnabel v. Lui*, 302 F.3d 1023, 1035 (9th Cir. 2002) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2382 (2d ed. 1995)). The traditional rule, in place before Federal Rule of Civil Procedure 42(a) was adopted, provided that "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933). While the language of Federal Rule of Procedure 42(a) apparently permits consolidation either to merge the cases or to retain the separate character of the cases, the majority of courts subscribe to the traditional rule. *Schnabel*, 302 F.3d at 1035; *see also Geddes v. United Financial Group*, 559 F.2d 557, 561 (9th Cir. 1977 (citing *Johnson*, 289 U.S. at 496-97); *but see Huene v. U.S.*, 743 F.2d 703, 705 (9th Cir. 1984) (treating consolidated cases as one for purposes of permitting appeal). As the Court indicated with respect to the motion for a consolidated discovery schedule, the Grienenko and Spurgeon matters are insufficiently similar to warrant consolidation.

First, while some parties appear in both matters, there are several parties in the Grinenko matter who are not parties to the Spurgeon matter.

Second, the Grinenko matter is set for a jury trial on February 17, 2009, and the Spurgeon matter is set for a bench trial on December 8, 2008. The cases are therefore in a different posture and could not easily accommodate consolidation.

ORDER - 3

1   Third, while some of the claims overlap, there are some claims unique to each
2 case: invasion of privacy, assault, infliction of emotional distress, outrage, defamation,
3 fraud/misrepresentation, breach of contract under the Washington Law Against
4 Discrimination, and violation of Washington law regarding viewing of employment
5 records. In light of these substantial differences, the Court declines to consolidate the
6 Grinenko and Spurgeon matters.

**B.   AMENDMENT**

Plaintiffs seek leave to file a third amended complaint to correct scrivener errors in the spelling of names, to reflect Ms. Grinenko's married name, and to make unspecified "minor clarifications." Dkt. 55 at 1. Because Plaintiffs do not address the scrivener's errors sought to be corrected or the identify portions of the complaint that require clarification, the Court cannot evaluate the merits of Plaintiffs' request. Moreover, Ms. Grinenko is not a party to this matter. Therefore, while the Court appreciates Plaintiffs' desire to present a complaint that is free of error, Plaintiffs' motion to amend is denied.

**C.   BIFURCATION AND REMAND**

Plaintiffs seek bifurcation on the grounds that "[t]he individual defendants . . . would best be addressed by bifurcation of the individual matters and remanding these individual claims back to state court so as best to concentrate on the two primary intentional tortfeasors of the Employer and Union Association." Dkt. 55 at 3-4. The employer and union are the only Defendants in this matter, and the motion to bifurcate and remand is therefore denied.

**D.   CLASS CERTIFICATION**

Though not captioned as a motion for class certification, Plaintiffs' motion appears to seek to certify a class of plaintiffs. *See* Dkt. 55 at 2 ("The information provided to date in discovery would indicate that this multi-plaintiff litigation may be suited for class certification.").

ORDER - 4

Certification of a class action is appropriate only if the prerequisites of Federal Rule of Civil Procedure 23(a) are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Generally speaking, the suit must be maintainable as a class action under Rule 23(b) because (1) the prosecution of separate actions would risk adjudications that are inconsistent or would be dispositive of interests of nonparties, (2) the defendants acted on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate to the class as a whole, or (3) common questions of law or fact predominate over individual issues. Fed. R. Civ. P. 23(b).

The party moving for class certification bears the burden of proving that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The Court must engage in a rigorous analysis to determine whether the prerequisites of Federal Rule 23(a) are satisfied. *See General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). The movant need not make an extensive evidentiary showing so long as the Court is provided enough information to form a reasonable judgment on each certification requirement. *See Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). The Court may not conditionally certify a class on the basis of speculation that certification requirements may later be met. *Id.*

Where there is insufficient information to make a reasonable judgment on all requirements, Local Rule CR 23 provides that the Court may postpone final determination of the issue until more information is available:

> The court may certify the class, may disallow and strike the class allegations, or may order postponement of the determination pending discovery or such other preliminary procedures as appear appropriate and

ORDER - 5

necessary in the circumstances. Whenever possible, where the determination is postponed, a date will be fixed by the court for renewal of the motion.

Local Rule CR 23(f)(3).

Several features of this case militate against class certification. First, it does not appear that the proposed class is so numerous that joinder would be impractical. Assuming that all current Olympic employees have claims similar to Plaintiffs' claims, joinder of 29 plaintiffs is feasible and does not necessitate certification of a class.

Second, from the evidence now before the Court, it does not appear that the subject matter of this case presents common issues of law or fact. While the commonality prong is construed permissively and a common course of conduct against all class members may satisfy the commonality requirement, this case would appear to present diverging facts and diverging legal issues such that the cases could not, or should not, be maintained as a class action. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) (commonality prong construed permissively); *Blackie*, 524 F.2d at 902 (common course of conduct); *Hanlon*, 524 F.2d at 902 (Commonality is satisfied even if there are common legal issues and diverging facts or a common core of facts and differing claims to relief.).

Finally, the Court notes that the typicality prong may also present obstacles to certifying this matter as a class action. The typicality prong is permissive and requires that the class representatives' claims be reasonably co-extensive with, not substantially identical to, those of absent class members. *Hanlon*, 150 F.3d at 1020. It does not appear that Plaintiffs, who are former employee of Olympic, are in a sufficiently similar posture to current employees such that their claims could be deemed sufficiently typical.

Plaintiffs' cursory presentation of the class certification issue does not provide the Court with sufficient information to form a reasonable judgment on each certification requirement and is insufficient to meet their burden of proving that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23. To the extent that Plaintiffs move for certification of a class, the motion is denied.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion to Amend Complaint/Consolidate Case and to Bifurcate Individual Defendants Cases (Dkt. 55) is **DENIED**.

DATED this 21st day of April, 2008.

        _____
        BENJAMIN H. SETTLE
        United States District Judge