UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUNSHINE SPURGEON; ROSEMARY KUDIA; CHRISTINE HOYT,<br><br>Plaintiffs,<br><br>v.<br><br>OLYMPIC PANEL PRODUCTS LLC, a Washington State limited liability company; THE INTERNATIONAL ASSOCIATION OF MACHINISTS, WOODWORKERS LOCAL LODGE W-38,<br><br>Defendants. | CASE NO. C07-5436BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND FOR FEES |

This matter comes before the Court on Plaintiffs' Motion to Compel and for Fees (Dkt. 59). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies the motion in part for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

In their amended complaint, Plaintiffs Sunshine Spurgeon, Christine Hoyt, and Rosemary Kudia contend that they suffered workplace injuries and experienced discrimination, retaliation, or failure to accommodate. Dkt. 51 at 3. Plaintiffs contend that the International Association of Machinists, Woodworkers Local Lodge W-38 ("Local

ORDER - 1

1  Lodge") failed to pursue matters of which Plaintiffs complained and made false promises
2  or threats upon which Plaintiffs relied. *Id.* Plaintiffs bring claims for discrimination,
3  retaliation, fraud/misrepresentation, breach of contract in violation of Washington Law
4  Against Discrimination, violation of Washington law regarding viewing of employment
5  records, breach of fiduciary duty as to Local Lodge, wrongful termination in violation of
6  public policy, breach of contract, and hostile working environment. *Id*. at 5-14.

7  Plaintiffs now move to compel production of the following: (1) Exhibit S, which
8  Plaintiffs contend is an identification of all prior Local Lodge members; (2) a privilege
9  log regarding Interrogatory 23 and Request for Production 17, (3) supplementation of
10 discovery responses limited to a period beginning in April of 2003, and (4) a more precise
11 reference to materials already produced.

## II. DISCUSSION

### A. MOTIONS TO STRIKE

Plaintiffs move to strike "every sentence in Mr. Willner's response that does not directly pertain to or relate to the response to the pending motion to compel." Dkt. 77 at 2. Because Plaintiffs fail to identify with particularity any material to be stricken, the motion is denied in this respect.

Plaintiffs also move to strike an "appendix" to Local Lodge's response as an "extension of briefing on a tangent." Dkt. 77 at 3. While the Court construes the appendix as briefing, the Court finds no basis for striking the appendix. The appendix was filed concurrently with the Local Lodge's opposition, and Plaintiffs were afforded an opportunity to respond to the appendix in their reply brief. The page limit for Local Lodge's opposition was twelve pages. Local Rule CR 7(e)(4). Local Lodge's response is seven pages, and the appendix is three pages. Both documents are well within the page limit governing Local Lodge's opposition. Therefore, while it is unclear to the Court why Local Lodge opted to present briefing on the Motion to Compel and for Fees in a separate document, the Court declines to strike the appendix.

ORDER - 2

Local Lodge moves to strike contentions in the reply regarding the deposition of Yvonne Tahja and Request for Production 1. Dkt. 81; *see* Dkt. 77 at 2-3. No response to Local Lodge's surreply was requested by the Court. Local Lodge also moves to strike from the reply a request that Plaintiffs be permitted to search Local Lodge's union hall. These contentions were not the subject of the Motion to Compel and for Fees and therefore are not properly before the Court. The motion to strike is granted.

**B.    MOTION TO COMPEL**

Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Discovery must be limited if the Court determines that the discovery sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain the information sought; or that the burden or expense of the discovery request outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

If a party fails to answer an interrogatory or a request for production, the party may move to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(3)(B). The motion must certify that the parties have made a good faith effort to confer and resolve the dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rule CR 37(a)(2)(A). In this case, it appears that the parties conferred on March 27, 2008, at which time Local Lodge agreed to offer supplementation on April 3, 2008. Dkt. 59 at 1. After

failing to receive the requested supplementation, it does not appear that Plaintiffs made any further effort to confer before filing the instant motion.

### 1. Exhibit S

It appears that there is a misunderstanding both as to what document constitutes "Exhibit S" and as to what Plaintiffs hope to obtain by requesting Exhibit S. Plaintiffs contend that Exhibit S is an identification of all prior Local Lodge members. Dkt. 59 at 2. Local Lodge contends that Exhibit S does not contain such a list and that Local Lodge has previously provided a seniority list of employees in the plywood mill. It is not clear from the reply whether Plaintiffs still seek Exhibit S or whether the previously-produced seniority list is sufficient. In either case, it appears that Local Lodge is amenable to Plaintiffs' request and that this issue may be resolved in a cooperative manner that does not require additional Court intervention.

### 2. Privilege Log

In response to Interrogatory 23 and Request for Production 17, Local Lodge objected on the grounds of attorney-client and attorney work product privilege. Dkt. 59-2, Exh. A at 23. Plaintiffs request a privilege log in connection with these discovery requests. Dkt. 59 at 6. Apparently, counsel for Local Lodge was under the impression that Plaintiffs were not requesting a privilege log. Dkt. 72-3, Exh. C at 18-19. This request is reasonable, and Local Lodge offers no basis for declining to provide a privilege log. The motion is therefore granted in this respect, and Local Lodge shall provide a privilege log forthwith.

### 3. References to Documents Previously Produced

Plaintiffs request that Local Lodge clarify its references to documents that have already been produced by referring to bate stamp numbers. Dkt. 59 at 4. While Plaintiffs do not reference any specific discovery responses referring to previously produced documents, the Court has identified four such responses. *See* Dkt. 59-2, Exh. A at 12, 17, 19-20, 21. Plaintiffs' discovery requests ask for production, not identification of

documents. Nevertheless, Local Lodge does not oppose this aspect of the Motion to Compel and For Fees. Counsel should work together to clarify which documents are intended to be responsive to these discovery requests. This is a matter of professional courtesy that should not require Court intervention. Therefore, while the Court declines to compel Local Lodge to formally supplement its discovery responses in this regard, the Court expects the parties to work together and resolve this issue among themselves.

**4.     Temporal Scope**

Plaintiffs and Local Lodge dispute the proper temporal scope of discovery. Local Lodge contends that all discovery should be limited to the period beginning April 2003, when Olympic Panel Products, LLC purchased the plywood mill from Simpson Timber Company because Simpson Timber Company is not a party to this case. Dkt. 72 at 4. Plaintiffs seek documents dating back 10 years. Dkt. 59 at 3. Plaintiffs offer no authority establishing that the likely benefit of discovery relating to Local Lodge at the time the plywood mill was owned by Simpson Timber Company would outweigh the burden or expense of such discovery. Absent such authority, the Court declines to compel production of documents predating Olympic Panel Product's purchase of the plywood mill.

**5.     Other Matters**

Plaintiffs also dispute whether Plaintiffs' counsel may contact members of Local Lodge regarding this case in the absence of Local Lodge's attorney. In this regard, no request for relief is before this Court, and the Court therefore does not reach this issue.

Plaintiffs request an award of terms in the amount of $500.00 for having moved to compel. Because many of Plaintiffs' requests were not granted and because it does not appear that Plaintiffs first attempted to confer, in good faith, regarding Local Lodge's lack of supplementation before filing the motion, the Court declines to award fees. *See* Fed. R. Civ. P. 37(a)(5)(C).

### III. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel and for Fees (Dkt. 59) is **GRANTED in part** and **DENIED in part** as provided herein.

DATED this 5th day of May, 2008.

BENJAMIN H. SETTLE
United States District Judge