UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNSHINE SPURGEON; ROSEMARY
KUDIA; CHRISTINE HOYT,

Plaintiffs,

v.

OLYMPIC PANEL PRODUCTS LLC,
a Washington State limited liability
company; THE INTERNATIONAL
ASSOCIATION OF MACHINISTS,
WOODWORKERS LOCAL LODGE
W-38,

Defendants.

CASE NO. C07-5436BHS

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR SUMMARY
JUDGMENT OF
WOODWORKERS LOCAL
LODGE W-38

This matter comes before the Court on the Motion for Summary Judgment of
Woodworkers Local Lodge W-38 (Dkt. 39). The Court has considered the pleadings filed
in support of and in opposition to the motion and the remainder of the file and hereby
grants the motion in part and denies the motion in part for the reasons stated herein.

## I. FACTUAL BACKGROUND

In their amended complaint, Plaintiffs Sunshine Spurgeon, Christine Hoyt, and
Rosemary Kudia contend that they suffered workplace injuries and experienced
discrimination, retaliation, or failure to accommodate. Dkt. 51 at 3. Plaintiffs contend that
the International Association of Machinists, Woodworkers Local Lodge W-38 ("Local
Lodge") failed to pursue matters of which Plaintiffs complained and made false promises

or threats upon which Plaintiffs relied. *Id.* Except where otherwise indicated, the following facts are undisputed or taken in the light most favorable to Plaintiffs, the nonmoving parties:

**A.    SUNSHINE SPURGEON**

Plaintiff Sunshine Spurgeon suffered an industrial accident on March 31, 2005. Ms. Spurgeon was an employee of Olympic Panel Products, LLC ("Olympic") and a member of Local Lodge at the time. In February of 2006, the Washington Department of Labor and Industries terminated Ms. Spurgeon's workers' compensation benefits because her condition was deemed medically stationary and because Ms. Spurgeon was permitted to return to work to perform sedentary, light duty work on a full-time basis in accordance with her doctor's restrictions.

Ms. Spurgeon applied to Olympic for sedentary light duty work. Olympic responded that no such work was available. Ms. Spurgeon then contacted Local Lodge. Eric Dobson, president of Local Lodge, contacted Olympic about Ms. Spurgeon's situation and helped Ms. Spurgeon to obtain unemployment compensation.

Ms. Spurgeon requested that Mr. Dobson file a grievance on her behalf under the Collective Bargaining Agreement ("CBA"). Mr. Dobson refused to do so and told Ms. Spurgeon that "the union does not handle these things" and that the issue was not grievable. Ms. Spurgeon contends that she asked Mr. Dobson to file a grievance on her behalf "around the time the Human Rights Commission was filed," on July 28, 2006. Dkt. 46 at 10.

**B.    CHRISTINE HOYT**

Plaintiff Christine Hoyt is a former Olympic employee and a former Local Lodge member. Ms. Hoyt alleges that she suffered from, and was rendered disabled by, alcoholism and that her disability was not accommodated. Dkt. 87 at 7; *see also* Dkt. 88-4, Exh. E at 5. Ms. Hoyt contends that Olympic utilized involvement by Local Lodge to present an agreement promising Ms. Hoyt $5,000 for Ms. Hoyt to seek alcoholism

treatment in exchange for Ms. Hoyt's resignation. *Id.* Ms. Hoyt contends that Dwight Middles told her he would "get [her] back in Olympic Panel if [she] accepted his offer." Dkt. 88-5, Exh. G at 5. Defendants contend that Ms. Hoyt was suspected of being under the influence while at work and was asked to undergo testing to confirm that suspicion. Dkt. 88-2, Exh. B at 13-17; Dkt. 88-2, Exh. E at 23. Ms. Hoyt did not undergo the testing and was told that failure to do so was grounds for termination. In lieu of termination, Ms. Hoyt was offered the option of voluntarily resigning and receiving payment for substance abuse treatment. Dkt. 88-2, Exh. B at 13. Ms. Hoyt's allegations regarding her resignation are somewhat inconsistent. *See* Dkt. 88-5, Exh. G at 4-5 (contending that she accepted the offer to "voluntarily quit"); Dkt. 88-5, Exh. J at 18 (Mr. Midles offered to "convert [her] termination to a resignation."). In any event, Ms. Hoyt entered treatment on November 15, 2004, and was discharged on September 26, 2006. Dkt. 88-4, Exh. F at 45.

Ms. Hoyt also contends that she suffered a workplace injury, that she was required to pull her pants down to reveal the injury, and that she was reprimanded for suffering the injury. Dkt. 88-5, Exh. G at 2.

Ms. Hoyt contends that she attempted to secure a different position at Olympic and as the only female applicant, she was not allowed to take a test to attempt to qualify for the position. Dkt. 88-5, Exh. G at 3.

Ms. Hoyt contends that a male employee at Olympic was spreading rumors about her, that she notified Dwight Middles, and that Dwight Middles issued mutual warnings to both employees to stay away from one another. Dkt. 88-5, Exh. G at 4-5.

Finally, Ms. Hoyt contends that she was denied leave to visit her ill foster father. Dkt. 88-5, Exh. J at 15.

## C.    ROSEMARY KUDIA

Plaintiff Rosemary Kudia worked for Olympic for approximately one month in 2005. Dkt. 88-5, Exh. L at 25. She contends that she was told at the time she was hired that she should tell male colleagues that she had a boyfriend. Dkt. 87 at 9. Ms. Kudia

contends that she strained her back while sweeping. *Id.*; *see also* Dkt. 88-7, Exh. N at 7.

Ms. Kudia contends that Scott Henry called her into his office and told her that he was

terminating her because she was not what Olympic was looking for. Dkt. 88-5, Exh. J at

25. Two days after her termination, Ms. Kudia visited Local Lodge and requested "help."

Dkt. 88-5, Exh. J at 25. Ms. Kudia left her name and number with Local Lodge's

receptionist but was not contacted by Local Lodge. Dkt. 88-5, Exh. J at 25.

## II. PROCEDURAL BACKGROUND

On March 11, 2008, Local Lodge filed a 10-page motion for summary judgment.

Dkt. 39. The motion was originally noted for consideration on April 4, 2008. The motion

was renoted for consideration on May 9, 2008, to allow Local Lodge to supplement its

briefing to address amendment of the complaint and to allow Plaintiffs to conduct

discovery before responding. Dkt. 57. On April 8, 2008, Local Lodge filed a six-page

supplement to the motion. Dkt. 64. Plaintiffs have responded (Dkt. 87), and Local Lodge

has replied (Dkt. 90). The motion is now ripe for consideration. The Court notes that

Olympic is not a party to the motion.

## III. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1985). There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt.").

*See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if

there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

## A.    STATUTE OF LIMITATIONS

Local Lodge contends that the six-month statute of limitations applicable to claims for breach of the duty of fair representation against labor unions bars Plaintiffs' claims. *See* 29 U.S.C. § 160(b).

The Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, provides exclusive federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Although this language is limited to "[s]uits for violation of contracts," it has been broadly construed to extend to fraud claims where "resolution of the claims is inextricably intertwined with terms in a labor contract." *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000).

The LMRA preempts the application of a state law remedy if the factual inquiry under state law turns on the meaning of any provision of a collective bargaining

agreement or if a state law claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001); *see also Audette v. Int'l Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1113 (9th Cir. 1999). Conversely, a discrimination claim that is "free-standing" and does not turn on the meaning of any collective bargaining agreement provision is not subject to preemption. *Id.*

Under Washington's Law Against Discrimination ("WLAD"), RCW 49.60 *et seq.*, an employer may rebut a prima facie case of discrimination by producing a legitimate nondiscriminatory reason for the employment decision. *Hill v. BCTI Income Fund-I*, 144 Wn.2d 172, 180 (2001), *abrogated on other grounds by McClarty v. Totem Elec.*, 157 Wn.2d 214 (2006). Where a collective bargaining agreement governs whether the employer's proffered reason is legitimate and the case turns on that inquiry, the WLAD claim may be preempted. *See Audette*, 195 F.3d at 1113.

If state claims are preempted by the LMRA, the claims must comply with the National Labor Relations Act's ("NLRA") six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983) (applying NLRA's six-month statute of limitation period, 29 U.S.C. § 160(b)).

### 1.    Applicability of Six-Month Statute of Limitations

To determine whether the six-month statute of limitations applies in this case, the Court will address each claim in turn.

Plaintiffs' first and second claims are for "discrimination/retaliation" by "employers" and by Local Lodge. Dkt. 51 at 5-7. Plaintiffs' allegations regarding alleged discrimination and retaliation concern the sufficiency of Local Lodge's representation:

> 3.4 Plaintiffs were subjected to discrimination and retaliation for having engaged in protected activities by the employer and in two of the three cases with the clear knowledge of Defendant Union. In the third case, the matter of Rosemary Kudia, the Union was also aware but simply failed to even timely attempt to follow up on her concerns - even to tell her whether or not they could pursue those concerns for her.

***

3.8 In each of every case Defendant Union Association failed to take action to protect and assist these victims of discrimination by performance of one of the following acts: a) taking information but failing to follow up on that information; b) refusing to take information at all and pretending the person did not appear before them for help; c) negotiating of alternatives for the employee other than Union process that were never intended to be fulfilled by representative agents of the employer; d) sitting in as a union during negotiation to listen to direct threat made by management in association with false promises if union process were abandoned without proceeding to perfect a claim as against the employer for making such threats.

Dkt. 51 at 5-6. Whether Local Lodge properly processed Plaintiffs' complaints of discrimination is a question that appears to turn on interpretation of Article 2, 2:03 Adjustment of Complaints. *See* Dkt. 37, Exh. 4 at 14-16 (2003); Dkt. 37, Exh. 5 at 27 (2006). Ms. Kudia's contention regarding her status as a probationary employee and whether she was treated accordingly is likely governed by Article 11. *See* Dkt. 37, Exh. 4 at 18 (regarding termination of probationary employees who have not yet completed a 40-workday period); Dkt. 37, Exh. 5 at 30 (same). The Court therefore concludes that Plaintiffs' retaliation and discrimination claims against Local Lodge are subject to a six-month statute of limitations.

Plaintiffs' third claim is for "fraud/misrepresentation." Dkt. 51 at 7. Plaintiffs contend that Olympic promised Ms. Hoyt that she could return to Olympic after receiving treatment for alcoholism and promised Ms. Spurgeon that she would receive a sedentary position after receiving additional education. Dkt. 51 at 7-8. Plaintiffs contend that Local Lodge participated in meetings that led to these agreements and that these agreements were outside of the Collective Bargaining Agreement. Ms. Spurgeon contends that she attempted to file a grievance regarding failure to assign her to a sedentary position but was told that the issue was not grievable. The second amended complaint does not allege fraud or misrepresentation as to Ms. Kudia.

The Collective Bargaining Agreement is implicated by these allegations. For example, Olympic and Local Lodge entered into a Joint Substance Abuse Policy that governs testing and treatment for substance abuse. *See* Dkt. 88-6, Exh. at 42. Also, while

ORDER - 7

there is apparently a Light Duty Policy contained within Olympic's safety manual, Plaintiffs do not dispute that whether Ms. Spurgeon's complaint was grievable is a matter governed by the Collective Bargaining Agreement. Dkt. 37, Exh. 4 at 14-16 (2003); Dkt. 37, Exh. 5 at 27 (2006); *see also* Dkt. 37 at 44 ("This Olympic policy is not grievable because the CBA limits grievances to 'any dispute or complaint as to the interpretation of any clauses of this Working Agreement, or any grievances arising out of the operation of this Working Agreement.'"). Plaintiffs' fraud claim is therefore governed by the six-month statute of limitations.

Plaintiffs' fourth claim is "breach of contract under Washington Law Against Discrimination." Dkt. 51 at 9. This claim is primarily focused on Olympic. The only allegation implicating Local Lodge is that "Plaintiffs would have a contract in employment under Union Agreement." Dkt. 51 at 9. It follows that this claim pertains to Local Lodge only with respect to the existence of the Collective Bargaining Agreement. The Court therefore concludes that this claim is preempted.

Plaintiffs' fifth claim is violation of Washington law regarding viewing of employment records. This claim is apparently brought only by Ms. Spurgeon. *See* Dkt. 51 at 10. Ms. Spurgeon claims that Local Lodge, "in association with refusing to file grievance for Plaintiff on the failure to place her back in the work force refused to process Plaintiff's grievance and request for viewing of this part of her employment file." Dkt. 51 at 10. Although not clear from the complaint or Ms. Spurgeon's briefing, it appears that Ms. Spurgeon contends that Local Lodge violated RCW 49.12.240, which provides that "[e]very employer shall, at least annually, upon the request of an employee, permit that employee to inspect any or all of his or her own personnel file(s)." RCW 49.12.240. Local Lodge contends that this claim is related to Ms. Spurgeon's contention regarding Local Lodge's failure to file a grievance on her behalf. Dkt. 64 at 3-4. Plaintiffs' response to this contention is as follows:

Defendant asserts it is not part of the employee record claim. It is asserted that the Union refused to do what the employer sent Spurgeon to for the Union to provide in the form of actual records of hours worked.

Washington's employee record law: Plaintiff asserts that wage claims based on whatever full and proper wage and hour records are actually discovered to exist should be tolled as to statute of limitations under RCW 49.52.

Dkt. 87 at 22. Ms. Spurgeon's response does not refute Local Lodge's contention that this claim is related to the claim for failure to file a grievance. Moreover, the import of Ms. Spurgeon's contention that the statute of limitations should be tolled with respect to "wage claims" is unclear as Plaintiffs do not appear to assert any wage claims. The Court therefore concludes that Ms. Spurgeon's fifth claim is preempted by the LMRA and subject to the NLRA's six-month statute of limitations.

Plaintiffs' sixth claim regarding breach of fiduciary duty will implicate Article 2, 2:03 Adjustment of Complaints. *See* Dkt. 37, Exh. 4 at 14-16; Dkt. 37, Exh. 5 at 27. This claim is therefore governed by the six-month statute of limitations.

**2.      Timeliness of Claims**

Having determined that Plaintiffs' first six claims are preempted and governed by the NLRA's six-month statute of limitations, the Court now addresses whether Plaintiffs' claims are time barred.

**a.      Equitable Estoppel**

As a threshold matter, Ms. Hoyt and Ms. Spurgeon contend that Local Lodge is estopped from asserting the statute of limitations as a defense. Dkt. 87 at 15. Local Lodge does not squarely address the application of equitable estoppel. *See* Dkt. 90 at 10 (addressing promissory estoppel).

The doctrine of equitable estoppel focuses on the conduct of a defendant in preventing a plaintiff from filing suit. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). To determine whether equitable estoppel applies, courts consider the following: (1) the plaintiff's actual and reasonable reliance on the conduct that prevented the plaintiff from filing suit, (2) the defendant's improper purpose or actual or

1  constructive knowledge that its conduct was deceptive, and (3) the extent to which the

2  purpose behind the limitations period has been satisfied. *Id.*

3      In this case, Ms. Hoyt contends that Local Lodge "directed [her] away from

4  private counsel" and secured her agreement to resign in lieu of termination. Dkt. 87 at 15.

5  Ms. Spurgeon contends that she relied upon Local Lodge's promise that it would talk to

6  Mr. Midles and that Mr. Midles would not "fight the unemployment" if Ms. Spurgeon

7  went to school while collecting unemployment. *See id.*

8      These allegations have no bearing on the manner in which Plaintiffs' grievances

9  were processed. Similarly, these allegations do not excuse Ms. Spurgeon's failure to file

10  suit within six months after she was told that her issue was not grievable. Therefore,

11  equitable estoppel does not apply to Ms. Spurgeon's first, second, third, fourth, fifth, and

12  sixth claims or to Ms. Hoyt's first, second, or fourth claims. Taken in the light most

13  favorable to Plaintiffs, there is a genuine issue of material fact as to whether Ms. Hoyt's

14  third and sixth claims are subject to equitable estoppel. The Court therefore declines to

15  dismiss these claims as time barred.

16      Ms. Kudia does not contend that Local Lodge is equitably estopped from asserting

17  the six-month statute of limitations as a defense.

18              **b.      Application of Six-Month Statute of Limitation**

19      Having determined that there is at least a genuine issue of material fact as to

20  whether equitable estoppel applies to Ms. Hoyt's third and sixth claims, the Court now

21  addresses whether the remaining claims are timely.

22      Ms. Spurgeon contends that her claims are timely despite application of the six-

23  month statute of limitations. Ms. Spurgeon contends that the following facts occurred

24  within the limitations period: "She was denied access to the applicable CBA in violation

25  of union constitution (not the CBA) on July 30, 2007. She was offered chance to

26  interview with OPP during this litigation and immediately following her deposition. She

27  demanded cure of the hostile work environment before consenting." Dkt. 87 at 24. These

28

1   factual allegations appear to implicate only Ms. Spurgeon's third claim. Accordingly, Ms.

2   Spurgeon's first, second, fourth, fifth, and sixth claims are time barred.

3        Ms. Hoyt contends that the following facts occurred within the six-month

4   limitations period: "[I]f her offer had a 'two year provision' as Mr. Simpson alleges, Ms.

5   Hoyt's presentment of proof of compliance on date of Mr. Midles deposition - as an

6   exhibit - and her renewed request for re-instatement after that proffer mean the last act

7   was April 22, 2008." Dkt. 87 at 23. As is true of Ms. Spurgeon, Ms. Hoyt's allegations

8   regarding reinstatement relate only to her claim for fraud or misrepresentation.

9   Accordingly, Ms. Hoyt's first, second, and fourth claims are dismissed as time barred.

10        Ms. Kudia contends that her claims are not time barred because "[w]ithin the last

11   six months the union has indicated with a filing obtained this year that Ms. Kudia's

12   marriage was, for some reason, important in their decisions and she has just learned the

13   assertion that the union claimed no contact that even Ms. Tahja says may have

14   happened." Dkt. 87 at 24. The relevance of this contention is unclear, and Ms. Kudia

15   therefore fails to create a genuine issue of material fact as to whether her claims are based

16   upon acts occurring within the six-month statute of limitations. Accordingly, Ms. Kudia's

17   first, second, fourth, and sixth claims are dismissed as time barred.

18       **3.**    **Conclusion**

19        Plaintiffs' first six claims require interpretation of the collective bargaining

20   agreement and are therefore preempted by LMRA and subject to the NLRA's six-month

21   statute of limitations. Ms. Hoyt has created a genuine issue of material fact as to whether

22   her third and sixth claims are subject to equitable estoppel, and the Court therefore

23   declines to grant summary judgment on these claims. Further development of the factual

24   record may alter this conclusion, however.

25        With respect to claims not subject to equitable estoppel, there is a genuine issue of

26   material fact as to whether the factual allegations underlying Ms. Spurgeon and Ms.

27   Hoyt's fraud or misrepresentation claim are timely. The Court therefore declines to

28

dismiss this claim on statute of limitations grounds. Plaintiffs fail to create a genuine issue of material fact as to whether Ms. Spurgeon's first, second, fourth, fifth and sixth claims; Ms. Hoyt's first, second, and fourth claims; and Ms. Kudia's first, second, fourth, and sixth claims are time barred. Accordingly, summary judgment is granted as to these claims.

**B.    FRAUD/MISREPRESENTATION**

In their third cause of action, Ms. Spurgeon and Ms. Hoyt allege that Olympic made false promises regarding their reinstatement after receiving additional education and completing an alcohol treatment program, respectively. Dkt. 51 at 7-8. By order of this Court dated March 11, 2008, Plaintiffs were granted leave to amend their complaint to add this claim.

> Olympic contends that Plaintiff's proposed fraud/misrepresentation claim does not comport with the heightened pleading standards of Federal Rule of Civil Procedure 9(b). Dkt. 24 at 7. A complaint alleging fraud must include "the who, what, when, where and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). **The proposed second amended complaint fails to specify when and where the alleged fraudulent statements were made.** *See* Dkt. 23-3 at 8. Plaintiff's failure, thus far, to meet the particularity requirement of Rule 9(b) does not necessarily indicate that amendment would be futile, however. Plaintiff shall amend the proposed second amended complaint's fraud allegation to comply with Federal Rule of Civil Procedure 9(b).

Dkt. 38 at 5 (emphasis added). Local Lodge moves for summary judgment on the ground that this claim fails to comply with the Court's order to amend the fraud allegation to comply with Federal Rule of Civil Procedure 9(b) and on the ground that the allegation does not implicate fraudulent conduct by Local Lodge. Dkt. 64 at 2-3. Plaintiffs respond that they attempted to "literally follow Court instruction" and that "[d]iscovery of Union fraud/misrepresentation have been recent discoveries for plaintiffs." Dkt. 87 at 22. Plaintiffs' vague fraud allegations are insufficient under Rule 9(b) and fail to create a genuine issue of material fact as to whether Local Lodge engaged in fraudulent conduct or may be held liable for any fraudulent conduct by Olympic. Summary judgment as to this claim is therefore proper.

**C.     WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

Plaintiffs' seventh cause of action is wrongful termination in violation of public policy. Dkt. 51 at 11. Local Lodge contends that this allegation does not implicate Local Lodge because Plaintiffs were employed by Olympic. Dkt. 64 at 4. Plaintiffs do not respond to this contention and do not create a genuine issue of material fact as to whether Local Lodge is responsible for any termination of Plaintiffs. The Court therefore concludes that summary judgment is proper as to Plaintiffs' wrongful termination claim.

**D.     BREACH OF CONTRACT**

Plaintiffs' eighth claim is for breach of contract. Local Lodge seeks summary judgment on this claim, contending that this allegation implicates Olympic and not Local Lodge. Dkt. 64 at 4; *see also* Dkt. 51 at 13 ("The Defendant employer is in breach of oral contract to these Plaintiffs. . . . As a direct and proximate result of the Defendant[']s breach of oral contract to these Plaintiffs by the Defendant employer . . . ."). Plaintiffs fail to create a genuine issue of material fact as to whether Local Lodge breached any oral contracts allegedly made by Olympic, and summary judgment is therefore proper.

**E.     HOSTILE WORKING ENVIRONMENT**

Plaintiffs' ninth claim is that the working environment at Olympic was hostile. Dkt. 51 at 13. The complaint's allegations refer only to Olympic and to Plaintiffs' employer, and Plaintiffs fail to create a genuine issue of material fact as to whether Local Lodge created a hostile working environment. The Court concludes that summary judgment on this claim is proper.

## IV. CONCLUSION

For the reasons stated above, the Court concludes that many of Plaintiffs' claims are subject to dismissal as time barred or for failure to create a genuine issue of material fact as to Local Lodge's liability. Specifically, Plaintiffs fail to create a genuine issue of material fact as to whether Ms. Spurgeon's first, second, fourth, fifth and sixth claims;

1   Ms. Hoyt's first, second and fourth claims; and Ms. Kudia's first, second, fourth, and

2   sixth claims are time barred. As to these claims, Local Lodge's motion is granted.

3        In response to Local Lodge's showing, Plaintiffs fail to demonstrate that their

4   allegations are sufficient for purposes of Federal Rule of Civil Procedure 9(b). Plaintiffs

5   also fail to create a genuine issue of material fact as to whether Local Lodge may be held

6   liable for Olympic's alleged fraud. Accordingly, Plaintiffs' third claim is dismissed for

7   failure to create a genuine issue of material fact.

8        Similarly, Plaintiffs fail to create a genuine issue of material fact as to whether

9   Local Lodge is responsible for any termination of Plaintiffs, breached any contracts with

10  Plaintiffs, or created a hostile working environment. The Court therefore concludes that

11  summary judgment is proper as to Plaintiffs' seventh, eighth, and ninth claims.

12       While Local Lodge invites the Court to rule as a matter of law that Local Lodge's

13  conduct was not arbitrary, discriminatory, or done in bad faith, the factual record is not

14  sufficiently clear for the Court to make such a ruling at this juncture.

### V. ORDER

16       Therefore, it is hereby

17       **ORDERED** that the Motion for Summary Judgment of Woodworkers Local

18  Lodge W-38 (Dkt. 39) is **GRANTED in part** and **DENIED in part** as provided herein

19  and as follows:

20       (1) The motion is **GRANTED** as to Ms. Spurgeon's first, second, fourth, fifth and

21  sixth claims; Ms. Hoyt's first, second, and fourth claims; and Ms. Kudia's first, second,

22  fourth, and sixth claims. These claims against Local Lodge are **DISMISSED** as time

23  barred;

24       (2) The motion is **GRANTED** as to Plaintiffs' third claim against Local Lodge,

25  and this claim is **DISMISSED** for failure to plead fraud with particularity and failure  to

26  create a genuine issue of material fact;

27

28

(3) The motion is **GRANTED** as to Plaintiffs' wrongful termination, breach of contract, and hostile working environment claims, and Plaintiffs' seventh, eighth, and ninth causes of action against Local Lodge are **DISMISSED** for failure to create a genuine issue of material fact; and

(4) The motion is **DENIED** as to Ms. Hoyt's sixth cause of action, and this is the only remaining claim against Local Lodge.

DATED this 9th day of July, 2008.


_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 15