UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNSHINE SPURGEON, et al.,

    Plaintiffs,

v.

OLYMPIC PANEL PRODUCTS LLC, et al.,

    Defendants.

CASE NO. C07-5436BHS

ORDER DENYING PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on Plaintiffs' Motion to Amend (Dkt. 136). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On August 21, 2007, this case was removed to federal court from Mason County Superior Court. Dkt. 1. On January 10, 2008, the Court issued a scheduling order, which set a February 20, 2008, deadline for amending pleadings. Dkt. 14. On February 11, 2008, Plaintiff Sunshine Spurgeon filed motion to amend her complaint. Dkt. 23. The Court granted Plaintiff's motion in part, and Plaintiff was granted leave to file a second amended complaint adding two plaintiffs and claims alleging fraud, breach of oral contract, hostile work environment claims, and a claim for breach of contract under the Washington Law Against Discrimination. Dkts. 38.

ORDER - 1

In their second amended complaint, Plaintiffs contend that they each suffered work-place injuries and each suffered "some form of discrimination, retaliation or failure to accommodate in the course and scope of employment." Dkt. 51. Plaintiffs allege claims for discrimination, retaliation, fraud and misrepresentation, breach of contract under Washington Law Against Discrimination, violation of Washington law regarding viewing of employment records, breach of fiduciary duty by the union, wrongful termination, breach of oral contract, and hostile work environment. Plaintiffs seek "an order awarding damages . . . for all injuries sustained as direct and proximate result of . . . discrimination, including, but not limited to back pay, future pay, and emotional distress damages."

On March 25, 2008, Plaintiffs again filed a motion to amend their complaint "to correct scrivener's errors." Dkt. 55. In addition, Plaintiffs moved the Court to consolidate their case with another ongoing case, bifurcate individual defendants and remand to state court, and to certify a class. The Court denied this motion. Dkt. 71.

Plaintiffs now move the Court to amend their complaint and "request the right to add wage and hour claims." Dkt. 136.

On September 24, 2008, Defendant Olympic Panel Products ("Olympic") filed a response. Dkt. 140. Olympic urges the Court to deny Plaintiffs' motion because (1) the motion violates the local rules of civil procedure, (2) the motion violates the federal rules of civil procedure, and (3) granting leave to amend Plaintiffs' complaint would be futile, prejudice Defendants and cause undue delay. Olympic also contends that Plaintiffs' motion was brought in bad faith, and urges the Court to sanction Plaintiffs.

On September 25, 2008, Defendant Woodworkers Local Lodge W-38 filed a response opposing Plaintiffs' motion. Dkt. 142.

## II. DISCUSSION

### A. FEDERAL AND LOCAL RULES OF CIVIL PROCEDURE

Plaintiffs motion violates the federal and local rules of civil procedure in a number of ways.

First, Plaintiffs' motion offends Fed. R. Civ. P. 7(b)(1)(B), which requires that motions filed with the Court "state with particularity the grounds for seeking the order." Plaintiffs' motion is nearly incoherent. While Plaintiffs appear to request leave to amend their complaint to add a wage and hour claim, the arguments in support of this motion are nearly impossible to parse. Much of Plaintiffs' legal and factual argument is muddled in Plaintiffs' counsel's lengthy descriptions of incidents occurring during depositions. The relevance, if any, of these incidents to Plaintiffs' motion is not apparent. Plaintiffs fail to provide any coherent legal or factual basis for their request to amend their complaint. Plaintiffs have made it nearly impossible for Defendants to respond to their motion, as well as for the Court to consider this motion.

Second, Plaintiffs' motion violates Local Rule 7(d)(2)(B), as it was improperly noted.

Third, Plaintiffs' motion violates Local Rule 7(b)(1) by failing to file a proposed order amending their complaint.

## B. PLAINTIFFS' MOTION TO AMEND

Federal Rule of Civil Procedure 15 provides as follows:

> *(1) Amending as a Matter of Course.* A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.
> *(2) Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

When deciding whether to grant leave to add new claims, courts consider five additional factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiffs fail to provide any justification for filing an amended complaint more than seven months after the initial deadline for filing amended pleadings. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) ("Undue delay is [a] valid reason for a district court to deny a party leave to amend").

## C. CONCLUSION

The Court denies Plaintiffs' motion because it fails to comport with the federal and local rules of civil procedure, and because Plaintiffs fail to provide any justification for their delay in filing this motion.

## III. OLYMPIC'S REQUEST FOR SANCTIONS

The Court will not entertain sanctions at this time. Plaintiffs' counsel is advised that should he continue to file motions that fail to comply with the federal and local rules of civil procedure, or should he violate Local Rule GR 3(d) or Fed. R. Civ. P. 11, he may face sanctions. Such sanctions may be imposed *sua sponte* by the Court, or on order of the Court as a result of a motion for sanctions brought by a party pursuant to Fed. R. Civ. P. 11(c)(2).

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend Complaint (Dkt. 136) is **DENIED**.

DATED this 29th day of September, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4