UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SUNSHINE SPURGEON; ROSEMARY
KUDIA; CHRISTINE HOYT,

Plaintiffs,

v.

OLYMPIC PANEL PRODUCTS LLC,
a Washington State limited liability
company; THE INTERNATIONAL
ASSOCIATION OF MACHINISTS,
WOODWORKERS LOCAL LODGE
W-38,

Defendants.

CASE NO. C07-5436BHS

ORDER GRANTING LOCAL
LODGE'S MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendant International Association of Machinists, Woodworkers Local Lodge W-38's ("Local Lodge") motion for summary judgment as to Plaintiff Christine Hoyt's claim of equitable estoppel. Dkt. 125. The Court has considered the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. FACTUAL BACKGROUND**

Ms. Hoyt is a former Olympic Panel Products ("Olympic") employee and a former Local Lodge member. Ms. Hoyt alleges that she suffered from, and was rendered disabled by, alcoholism and that her disability was not accommodated. Dkt. 87 at 7; *see also* Dkt. 88-4, Exh. E at 5. Ms. Hoyt contends that Olympic utilized involvement by Local Lodge

ORDER - 1

to present an agreement promising Ms. Hoyt $5,000 for Ms. Hoyt to seek alcoholism treatment in exchange for Ms. Hoyt's resignation. *Id.* Ms. Hoyt appears to have sought this assistance from Local Lodge "in or around August 2004." Dkt. 51 at 7. During the meeting where she was allegedly offered the $5,000, Ms. Hoyt maintains that Local Lodge "directed [her] away from [seeking representation by] private counsel." Dkt. 138 at 2, *citing* Dkt. 87 at 15. Ms. Hoyt contends that Dwight Middles of Olympic told her that he would "get [her] back in Olympic Panel if [she] accepted his offer." Dkt. 88-5, Exh. G at 5. Brett Simpson, the Local Lodge shop steward, described Mr. Middles' offer as follows:

> I asked [Mr. Middles] if [Ms. Hoyt] gets treatment and gets straightened out[,] is there the possibility [that] she could come back to work [at Olympic], and [Mr. Middles] said [that] if she could show two years of positive employment at another place they would consider her. He didn't say she would get her job back. He said they would consider her.

Dkt. 88-2 at 16 (deposition of Brett Simpson).

Defendants contend that Ms. Hoyt was suspected of being under the influence while at work and was asked to undergo testing to confirm that suspicion. Dkt. 88-2, Exh. B at 13-17; Dkt. 88-2, Exh. E at 23. Ms. Hoyt did not undergo the test and was told that failure to do so was grounds for termination. In lieu of termination, Ms. Hoyt was offered the option of voluntarily resigning and receiving payment for substance abuse treatment. Dkt. 88-2, Exh. B at 13. Ms. Hoyt's allegations regarding her resignation are somewhat inconsistent. *See* Dkt. 88-5, Exh. G at 4-5 (contending that she accepted the offer to "voluntarily quit"); Dkt. 88-5, Exh. J at 18 (Mr. Midles offered to "convert [her] termination to a resignation."). According to Ms. Hoyt's second amended complaint, "[a]fter discharge from treatment in or about October of 2006, [Ms. Hoyt] contacted [Olympic] and asked for her job back." Dkt. 51 at 8. Ms. Hoyt alleges that Mr. Middles responded by stating "I didn't think you would make it." *Id.* She further contends that Olympic "subsequently refused to rehire [her] and renounced having promised her reinstatement [of her job with Olympic]." *Id.*

## II. PROCEDURAL HISTORY

On March 25, 2008, Ms. Hoyt, Sunshine Spurgeon, and Rosemary Kudia filed an amended complaint and alleged that they had suffered a workplace injury and experienced discrimination, retaliation, or failure to accommodate. Dkt. 51 at 3. Plaintiffs' amended complaint does not clearly plead which specific claims apply to which defendants, and often does not cite any legal authority in support of their claims. Plaintiffs claims against Defendants appear to be as follows:

1. Discrimination and retaliation against Olympic as to all Plaintiffs;
2. Discrimination and retaliation against Local Lodge as to all Plaintiffs;
3. Fraud and misrepresentation against Olympic and Local Lodge as to Ms. Hoyt and Ms. Spurgeon;
4. Breach of contract under the Washington Law Against Discrimination, RCW 49.60, against Olympic and Local Lodge as to all Plaintiffs;
5. Violation of "Washington law" regarding viewing of employment records against Olympic and Local Lodge as to Ms. Spurgeon;
6. Breach of fiduciary duty against Local Lodge as to all Plaintiffs;
7. Wrongful termination in violation of public policy against Olympic as to all Plaintiffs;
8. Breach of contract against Olympic and Local Lodge as to Ms. Hoyt and Ms. Spurgeon; and
9. Hostile work environment against Olympic as to all Plaintiffs.

*Id.*, 5-14.

On March 11, 2008, Local Lodge filed its first motion for summary judgment and moved to dismiss all of Plaintiffs' claims. Dkt. 39.

ORDER - 3

On July 9, 2008, the Court granted summary judgment in favor of Local Lodge as to all claims except for Ms. Hoyt's equitable estoppel claim under her sixth cause of action, her breach of fiduciary duty claim against Local Lodge. Dkt. 92. The Court held that the six–month statute of limitations under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, applied to Ms. Hoyt's breach of fiduciary claim because it implicated Ms. Hoyt's and Local Lodge's collective bargaining agreement. *Id*. at 9. However, the Court also held that there was a genuine issue of fact as to whether this claim was subject to a claim of equitable estoppel, and declined at that time to dismiss the claim as time barred. *Id*. at 10. The Court also indicated that "further development of the factual record may alter this conclusion." *Id*. at 11.

### III. MS. HOYT'S EQUITABLE ESTOPPEL CLAIM

In her response to Local Lodge's first summary judgment motion, Ms. Hoyt contended that Local Lodge is estopped from asserting the statute of limitations as a defense because Local Lodge "directed [her] away from private counsel on an accommodation issue" and secured her agreement to resign in lieu of termination by promising her $5,000 toward treatment. Dkt. 87 at 15. Local Lodge did not squarely address the application of equitable estoppel in its reply regarding its first summary judgment motion. *See* Dkt. 90 at 10 (addressing promissory estoppel).

Local Lodge now moves to dismiss Ms. Hoyt's remaining claim. Local Lodge contends that summary judgment is proper because (1) there is no evidence that Local Lodge directed Ms. Hoyt away from private counsel, and Ms. Hoyt's current counsel, John Bonin, represented her during this time, (2) there is no genuine issue of material fact as to whether Ms. Hoyt reasonably relied upon Local Lodge's conduct that prevented her from filing suit, (3) there is no genuine issue of material fact regarding the issue of whether Local Lodge had an improper purpose or actual or constructive knowledge that its conduct was deceptive, and (4) in any event, the six-month statute of limitations expired because, even assuming Ms. Hoyt's employment was terminated in October of

2006 when Olympic declined to reinstate her job, Ms. Hoyt did not join the lawsuit against Local Lodge until March 25, 2008, 17 months after the date of discharge. Dkt. 125.

Ms. Hoyt filed a response, contending that (1) she was not represented by Mr. Bonin at the time she met with Local Lodge and was led to believe that she did not have a right to independent counsel, (2) Local Lodge misled her into believing that she had a binding deal where she had no other options, presumably including the option to file suit against Local Lodge, (3) she did not discover until "years later" that Local Lodge failed to provide adequate representation, and Ms. Hoyt either did not know or could not reasonably have known that Local Lodge violated its duties until advised by counsel less than six months before filing suit. Dkt. 138.

## IV. DISCUSSION

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.  LABOR MANAGEMENT RELATIONS ACT AND EQUITABLE ESTOPPEL**

State claims preempted by the LMRA, such as Ms. Hoyt's remaining cause of action in this case, must comply with the NLRA's six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983) (applying NLRA's six-month statute of limitation period, 29 U.S.C. § 160(b)). This six-month statutory period begins to run when a plaintiff receives notice of a union's alleged wrongdoing. *See Demars v. General Dynamics Corp.*, 779 F.2d 95, 97 (1st Cir. 1985).

The doctrine of equitable estoppel focuses on the conduct of a defendant in preventing a plaintiff from filing suit. *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000). To determine whether equitable estoppel applies, courts consider the following: (1) a plaintiff's actual and reasonable reliance on the conduct that prevented the plaintiff from filing suit, (2) a defendant's improper purpose or actual or constructive knowledge that its conduct was deceptive, and (3) the extent to which the purpose behind the limitations period has been satisfied. *Id*.

ORDER - 6

Ms. Hoyt does not directly address the issue of when the six-month statutory period began, aside from offering the conclusory statement, "Ms. Hoyt did not know or could not reasonably have discover[ed] [that Local Lodge] violated their duties until advised by counsel less than six months before filing suit."[1] Dkt. 138 at 10.

Ms. Hoyt's explanation is not sufficient to overcome Local Lodge's summary judgment motion. There is no genuine dispute that, in the light viewed most favorably to Ms. Hoyt, the latest date that the six-month statutory period was triggered was in October of 2006 when Ms. Hoyt alleges that Olympic refused to rehire her after she completed treatment. Assuming Olympic's refusal to rehire Ms. Hoyt constituted a breach of Local Lodge's promise that Ms. Hoyt would return to her job following treatment, Ms. Hoyt had knowledge of alleged wrongdoing on the part of Local Lodge in October of 2006.

Ms. Hoyt could not have reasonably relied on Local Lodge's promises in 2004 at the time Olympic refused to rehire her in 2006 because, at this point, the alleged promise had been breached. Further, Local Lodge's alleged efforts in 2004 to discourage her from seeking advice of independent counsel cannot provide protection under an equitable estoppel theory for her apparent failure to pursue the claim or seek advice of counsel beginning in October of 2006. Ms. Hoyt's allegations that Local Lodge discouraged her from seeking advice of counsel in 2004 related to the formation of her initial agreement with Local Lodge. Ms. Hoyt cannot reasonably invoke equitable estoppel for her failure to pursue a claim against Local Lodge based on the breach of this agreement nearly two years after Local Lodge allegedly attempted to direct her away from counsel.

Ms. Hoyt has not alleged, nor has she directed the Court to any evidence in the record, that Local Lodge discouraged her from seeking advice of counsel after October of 2006. Presumably, Ms. Hoyt was no longer represented by Local Lodge at this time.

---

[1] Ms. Hoyt also offers a second conclusory explanation: "[h]ad the union performed their obligations instead of merely walking away – Ms. Hoyt would have filed suit earlier or there would have been no need for a suit." Dkt. 138 at 10.

ORDER - 7

Thus, the six-month statutory period began no later than October 31, 2006. Ms. Hoyt did not move the Court to add her as a plaintiff in this action until more than two years later, on February 11, 2008. Dkt. 23. The six-month statutory period had expired.

The Court concludes that Ms. Hoyt's remaining claim against Local Lodge is time-barred, and summary judgment is proper as to this claim.

## V. ORDER

Therefore, it is hereby

**ORDERED** that Local Lodge's motion for summary judgment (Dkt. 125) is **GRANTED**, and Plaintiff Hoyt's remaining claim against Local Lodge is **DISMISSED WITH PREJUDICE**. Plaintiffs have no remaining causes of action against Local Lodge.

DATED this 27th day of October, 2008.

BENJAMIN H. SETTLE
United States District Judge